Hunt, J.,
delivered tbe opinion of tbe court:
Tbe claimant was appointed and commissioned as collector of internal revenue for tlie fourth collection district in tbe State of Iowa, and was authorized to act as stamp agent and disbursing agent in that district. He gave bond according to law, with satisfactory surety, for tbe faithful discharge of bis trust. He became a defaulter in 1873. Failing to make good bis defalcation, bis sureties were called upon to do so. On the 11th of September, tbe Commissioner of Internal Revenue wrote a letter to them, threatening them with suit if tbe amount due the government were not paid without delay, and adding that tbe evidence necessary to tbe indictment of tbe claimant as a defaulter would be forwarded to tbe United States district attorney, if necessary. After a brief delay and further threats from tbe Commissioner, tbe sureties paid to tbe government tbe deficiency in tbe claimant’s account, adjusted at $2,324.38.
On tbe 28th September, 1874, tbe Acting First Comptroller of tbe Treasury notified tbe sureties that in tbe settlement of tbe claimant’s account with tbe United States depositary in Chicago, a balance bad been found to be due to tbe claimant by tbe depositary in that city$ and that tbe sum of $730.50 bad thus become available for tbe partial reimbursement of tbe sureties for tbe payment made by them on bis behalf. That, sum was accordingly refunded to them, and was divided among them into sums proportioned to tbe payment each bad made into tbe Treasury. Tbe claimant now brings suit to recover this amount of $730.50 from tbe government. He contends that be is entitled, instead of bis sureties, to this amount, and that tbe payment to bis sureties ought not to prevent his recovering it.
We are unable to concur in this view. Tbe settlement of tbe claimant’s debt to tbe government was made by tbe sureties, and not by tbe claimant. Tbe overpayment was made by tbe sureties, and not by tbe claimant. Tbe mistake was made between tbe government and tbe sureties, and not with tbe claimant. It was their money and not bis that, was paid in error; *453 and tbe right of action for its recovery back belonged to them, and not to him.
If tbe claimant bas any right to this money, it subsists in his favor against bis sureties, and not against tbe government. But tbe record presents a state of facts fatal to any demand of bis against them. They responded to tbe call of tbe government, and came to bis rescue when be stood on tbe brink of arrest and prosecution, and they have not yet been repaid tbe full amount of money they advanced to save him.
Under tbe shadow of circumstances as dark as these, tbe claimant invokes tbe aid of this court to condemn tbe government to pay for a second time, and to him, a sum that bad been exacted of bis bondsmen through a mistake, and which be well knows bas been returned to them — a mistake occurring in tbe settlement of bis account as a public defaulter. ■ Tbe court cannot lend itself to bis assistance. Px turpi causa non oritur actio.
Tbe petition is dismissed.
Deake, Oh. J., was absent when this case was beard and took no part in tbe decision.